
Minute Order Form (6/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1941 | **DATE** | 4/23/2002 |
| **CASE TITLE** | Ramada Franchise Systems, Inc. vs. Royal Vale Hospitality | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Answer ¶¶1,16,40,47,54 and 83 are stricken from the Answer, with leave being granted to file an appropriate amendment to the Answer in this Court's chambers on or before May 3, 2002. In the absence of such a timely filing, the corresponding allegations of Ramada's Complaint will be deemed to have been admitted by defendants.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | APR 24 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 4/23/2002 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAMADA FRANCHISE SYSTEMS, INC., )
)
                Plaintiff, )
)
v. ) No. 02 C 1941
)
ROYAL VALE HOSPITALITY OF )
CINCINNATI, INC., et al., )
)
                Defendants. )

DOCKETED
APR 2 4 2002

## MEMORANDUM ORDER

Counsel for the three defendants in this action filed by Ramada Franchise Systems, Inc. ("Ramada") has filed a responsive pleading captioned "Answer, Affirmative Defenses and CounterClaims," in principal part by employing the imaginative device of photocopying Ramada's Complaint and inserting paragraph-by-paragraph typewritten responses on the Complaint itself. This memorandum order is triggered by one problem posed by that response.

Even though Fed. R. Civ. P. ("Rule") 8(b) requires <u>every</u> allegation in a complaint to be admitted or denied unless the responding party properly invokes the disclaimer set out in the second sentence of that Rule, Answer ¶¶1, 16, 40, 47, 54 and 83 fail to meet that obligation on the stated premise that the corresponding Complaint allegations contain legal conclusions rather than facts. But that ignores the universal recognition, from the highest judicial sources on down, that legal conclusions form an entirely proper component of the federal notice pleading

regime--see, e.g., App. ¶2 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001) and authorities cited there.

Those portions of the Answer are therefore stricken, but with leave being granted to file an appropriate amendment to the Answer in this Court's chambers (with a copy of course transmitted to Ramada's counsel) on or before May 3, 2002. In the absence of such a timely filing, the corresponding allegations of Ramada's Complaint will be deemed to have been admitted by defendants.

One other item needs attention. Answer ¶3 denies Ramada's allegation about the corporate defendant's principal place of business, but it does so without identifying the proper location. Because federal jurisdiction is sought to be grounded in diversity, that missing information is necessary--and it too should be provided in the amendment called for earlier in this memorandum order.

                                                _____
                                                Milton I. Shadur
                                                Senior United States District Judge

Date: April 23, 2002