# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Mark Filip | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1941 | **DATE** | 5/25/2004 |
| **CASE TITLE** | RAMADA FRANCHISE SYSTEMS vs. ROYAL VALE HOSPITALITY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due _____ . Reply to answer brief due _____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER OPINION AND ORDER DENYING DEFENDANTS' MOTION TO AMEND PLEADINGS.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 26 2004 | |
| ✓ | Notified counsel by telephone. | date docketed | 26 |
| | Docketing to mail notices. | 15 | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TBK | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAMADA FRANCHISE SYSTEMS, INC., )
)
    Plaintiff, )
)
v. ) No. 02 C 1941
)
ROYAL VALE HOSPITALITY OF ) Judge Mark Filip
CINCINNATI, INC., an Illinois corporation, and )
KAMLESH SHETH, an individual, and )
YOGESH SHAH, an individual, )
)
    Defendants. )

**DOCKETED**

**MAY 2 6 2004**

## OPINION AND ORDER DENYING DEFENDANTS' MOTION TO AMEND PLEADINGS

Plaintiff Ramada Franchise Systems, Inc. ("Ramada") filed this action in this Court over two years ago. (D.E. 1.) Plaintiff alleges that Defendant Royal Vale Hospitality of Cincinnati, Inc. (a former Ramada franchisee) violated multiple sections of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, (Counts I-III) by infringing Ramada's trade and service marks. Ramada also claims breach of contract (Counts V-VII), breach of guaranty against Defendants Kamlesh Sheth and Yogesh Shah (Count IX), unjust enrichment (Count VIII), and seeks an accounting (Count IV)—all in connection with a licensing agreement between Ramada and Royal Vale. (*Id.*) This case is before the Court on Defendants' Motion for Leave to File Amended Counterclaim ("Motion"). (D.E. 24.) For the following reasons, Defendants' Motion is denied.

The Court begins by recounting the procedural and factual history of this case, which history underscores the impropriety of granting Defendants' Motion. On March 15, 2002, Plaintiff filed its complaint in this Court. (D.E. 1.) On April 18, 2002, Defendants filed a counterclaim against Ramada, claiming that Ramada breached the licensing agreement by failing



to include Defendants' facility in Ramada's national reservation system. (*See* D.E. 8. at 2.) Although Defendants' April 2002 filing purported to assert "counterclaims" against Ramada, it is clear, after reviewing the Defendants' pleading and the parties' subsequent filings, that the Defendants actually asserted one counterclaim (for breach of the licensing agreement) at that time. (*See* D.E. 22 ¶ 3 ("Defendants have asserted a counterclaim that [Ramada] breached the Licensing Agreement regarding the inclusion of Defendants' facility in a national reservation system.").)

On September 26, 2002, Judge Milton Shadur ordered discovery closed on December 11, 2002.[1] On February 4, 2003, Defendants filed a Motion to Enlarge Time for Discovery, citing certain health issues regarding Defendant Yogesh Shah. (*See* D.E. 12 at 1.) The Court granted that motion (*see* D.E. 13) and extended the close of discovery to February 20, 2004, with Defendants' designation of experts and expert report due December 20, 2003. (*See* D.E. 17.) On February 11, 2003, Plaintiff moved for the extension of the February 2004 discovery deadline for the limited purpose of deposing certain of Defendants' witnesses who were unavailable for depositions noticed prior to the close of discovery. (*See* D.E. 19.) The Court extended the discovery deadline to April 20, 2004, in order for "[P]laintiff to take further depositions." (D.E. 20.)

On May 10, 2004, Defendants filed a Motion for Leave to File Amended Counterclaim. (*See* D.E. 24.) By their Motion, Defendants seek to add a counterclaim alleging violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"), 815

---

[1] This case was reassigned under order of the Executive Committee from the Calendar of Judge Milton Shadur to the Calendar of Judge Mark Filip on March 3, 2004.

ILCS 505/1 *et seq.*[2] In sum, discovery has closed and Defendants now seek to add an additional counterclaim more than two years after filing their original counterclaim. Notably, and as discussed below, Defendants' proposed amendment is premised on information available (or, at the very least, information that should have been available) to the Defendants at the time they filed their original counterclaim. Indeed, as Defendants admit, it was one of the Defendant's purported recent recollections that prompted the proposed amendment.

Given the posture of this case, the Defendants may amend their counterclaim "only by leave of court or by written consent of the" Plaintiff. Fed. R. Civ. P. 15(a). Not surprisingly, Plaintiff is not willing to give its consent. And although leave to amend shall be freely given when justice so requires, "leave is inappropriate where there is undue delay, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman v. Davis*, 371 U.S. 178, 183 (1962)). In its opposition to the Motion, Plaintiff argues that Defendants' Motion should be denied because (1) the Defendants have failed to offer a valid reason for their delay in seeking to amend; (2) an amendment at this stage of the litigation would result in undue prejudice; and (3) the proposed amendment is futile. (D.E. 25 at 1.) The Court agrees.

The lynchpin of Defendants' arguments in support of their Motion appears to be their belief "that they are allowed to maintain their fraud claims against Plaintiff based on the 'discovery rule' . . . ." (D.E. 24 at 1.) The discovery rule, according to the Defendants,

---

[2] Defendants' proposed amendment also mentions common law fraud, but this does not appear to be a separate count. Indeed, Defendants titled the proposed amendment "Consumer Fraud Act Violations, 815 ILCS 505/1 *et seq.*," and the proposed amendment asks for judgment solely on "Count II."

3

establishes that the amended counterclaim is, among other things, not futile and not unduly delayed. (*Id.* at 3.) While Illinois courts have applied the discovery rule in actions filed pursuant to the Consumer Fraud Act, *see Gredell v. Wyeth Labs., Inc.*, 803 N.E.2d 541, 546 (Ill. App. Ct. 1st Dist. 2004), the discovery rule does not apply here.

The only case cited by Defendants to support their motion, *Koch Materials Co. v. Shore Slurry Seal, Inc.*, 216 F.R.D. 301 (D.N.J. 2003), demonstrates as much, although it is not actually a discovery rule case. (The Court notes that Defendants did not cite any case law addressing the discovery rule, despite having used the rule as the foundation for many of their arguments.) As Plaintiff points out, the court in *Koch* found that the proposed amendment to a counterclaim was not unduly delayed because the information that formed the basis of the defendant's amendment was uncovered after, among other things, the deposition of the *plaintiff's* corporate representative. *See Koch*, 216 F.R.D. at 305. Here, however, Defendants seek to amend their counterclaim based on information "discovered" during the deposition of the Defendants' *own* corporate representative and *a named Defendant* in this action, Mr. Kamlesh Sheth. Put differently, it was one of the Defendants who purports to have recently recalled certain alleged facts—facts which were known or should have been known to Defendants at the time of their original counterclaim in 2002 (and well before the close of discovery) because the "new" factual allegations concern events and alleged conversations in which the Defendant/deponent personally participated in 2000. Under such circumstances, it can hardly be said that this information was recently "discovered" within the meaning of the discovery rule. *See Gredell*, 803 N.E.2d at 546 (noting that the discovery rule delays the statute of limitations until a party knows or reasonably should know that an injury has occurred); *see also Cont'l Bank, N.A., v. Meyer*, 10 F.3d 1293,

4

1298 (7th Cir. 1993) (affirming the district court's denial of an amendment to a counterclaim where, among other things, the facts underlying the amendment "must have been known to defendants").[3] As a consequence, Defendants contention that there was no undue delay in bringing the proposed counterclaim is unavailing.

Moreover, and independently, Plaintiff would be prejudiced by the undue delay, especially because discovery has closed, if the court were to allow the proposed amendment. Indeed, the Court finds it likely that additional discovery would be required—an issue raised by Plaintiff's counsel in open court that Defendants do not attempt to address in their motion. *See Cont'l Bank*, 10 F.3d at 1298 (7th Cir. 1993) (holding that an amendment was properly denied where facts underlying the amendment where known for two years prior to the amendment and the amendment would result in additional discovery). Defendants simply argue that the proposed amendment would "not cause undue prejudice to Ramada because if Defendants prove their fraud claims, Ramada is the evil-doer . . . ." (D.E. 24 at 3.) This conclusory argument is unavailing and ignores the types of obvious prejudice that Plaintiff would be subjected to in terms of additional litigation costs and delays prompted by the Defendants' failure to think about the case and investigate whether they had purported counterclaims.

Furthermore, the Court finds that the proposed amendment would be futile. "The statute of limitations . . . under the [Consumer Fraud] Act is three years and begins to run when the cause of action accrues." *Gredell*, 803 N.E.2d at 546 (citing 815 ILCS 505/10a(e)). Defendants'

---

[3] In this regard, the Court notes that Defendants have not alleged (and do not appear to be able to allege) that Plaintiff played any part in preventing Defendants from having discovered the "new" facts concerning events and conversations in which the Defendant/deponent personally participated some four years ago.

5

proposed amendment repeatedly identifies May 25, 2000, the date Defendants signed the licensing agreement, as the date the alleged consumer fraud was committed. Defendants' rely on the discovery rule for the proposition that the consumer fraud action did not accrue until April 14, 2004 (at the deposition of Mr. Sheth), which reliance is misplaced, as discussed above. Accordingly, at least for purposes of analysis of the present motion,[4] the Court finds that the proposed amendment would be futile because the statute of limitations on the proposed consumer fraud count ran sometime in May 2003.

For the foregoing reasons, Defendants' Motion for Leave to File Amended Counterclaims is denied.

So Ordered.

Mark Filip
United States District Judge
Northern District of Illinois

Dated: MAY 2 5 2004

---

[4] In the Defendants' motion, they hint that if the proposed amendment is not allowed, they may file the Illinois Consumer Fraud Act claim as a separate federal lawsuit and seek to have it consolidated with the instant case. If Plaintiffs so file, the Court will likely be called upon to address whether that claim is time-barred under the three-year statute of limitations for Illinois Consumer Fraud Act claims. Because the motion to amend is improper for multiple, independent reasons, the Court need not today conclusively decide whether any hypothetical future suit is time-barred. For present purposes, the treatment of the issue in the parties' briefs leads to the conclusion that the proposed amendment is futile.

6