Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Mark Filip | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1941 | **DATE** | 11/23/2004 |
| **CASE TITLE** | Ramada Franchise Systems, Inc. Vs. Royal Vale Hospitality et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the following motions filed by Defendants are denied: D.E. 28-1, 28-2, and 28-3. Plaintiff's motion to strike portions of defendants' summary judgment submission [42-1] is granted. Status hearing set for December 3, 2004 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 2 4 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 50 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | TBK | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAMADA FRANCHISE SYSTEMS, INC. ) | **DOCKETED** |
| ) | NOV 2 4 2004 |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 02 C 1941 |
| ) | |
| ROYAL VALE HOSPITALITY OF ) | Hon. Mark Filip |
| CINCINNATI, INC., an Illinois corporation, ) | |
| KAMLESH SHETH, an individual, and ) | |
| YOGESH SHAH, an individual, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Defendants Royal Vale Hospitality of Cincinnati, Inc., Kamlesh Sheth, and Yogesh Shah (collectively, "Defendants") have filed a three-part motion. (D.E. 28.) This motion requests: (1) that the Court reconsider its May 26, 2004, order that denied Defendants' motion for leave to file an amended counterclaim under the Illinois Consumer Fraud Act (D.E. 28-1); (2) that the Court grant Defendants leave to file an amended counterclaim for common law fraud (D.E. 28-2); and (3) that the Court grant Defendants leave to file an affirmative defense of fraud (D.E. 28-3). Plaintiff Ramada Franchise Systems, Inc. ("Plaintiff" or "Ramada") has filed a Motion to Strike Portions of Defendants' Summary Judgment Submission (D.E. 42). This memorandum opinion and order resolves all four motions.

Plaintiff's motion is logically connected to Defendants' three-part motion in that Defendants, in responding to Plaintiff's motion for summary judgment (which is not resolved by this opinion), wrote their papers on the premise that Defendants would prevail on their motion to reconsider. (Defendants did so notwithstanding express instruction to the contrary concerning



the preparation of the summary judgment filings.) As a consequence, the propriety of Defendants' summary judgment filings is tied to the resolution of Defendants' three-part motion. For the following reasons, Defendants' motions are denied, and Plaintiff's motion is granted.

BACKGROUND

Plaintiff filed its complaint in this case on March 15, 2002. (D.E. 1.) On April 18, 2002, Defendants filed their Answer, Affirmative Defenses, and Counterclaims. (D.E. 8.) The Answer asserted one counterclaim against Plaintiff and three affirmative defenses.[1] Neither the counterclaim nor any of the affirmative defenses mentioned fraud.

On September 26, 2002, Judge Shadur ordered discovery closed on December 11, 2002. Defendants moved to enlarge the discovery period on February 4, 2003, citing certain health issues of named-defendant Yogesh Shah. (D.E. 12.) As a consequence, Judge Shadur extended the close of discovery to February 20, 2004. (D.E. 17.) On February 11, 2004, Plaintiff moved for a limited extension of the discovery deadline so that it could depose certain of Defendants' witnesses who were unavailable for depositions prior to close of discovery, one of whom was Yogesh Shah. (D.E. 19.) Judge Shadur extended discovery for this limited purpose to April 20, 2004. (D.E. 20.)

On May 10, 2004, Defendants moved this Court (which inherited the case from Judge Shadur) for leave to file an amended counterclaim so as to add an Illinois Consumer Fraud Act counterclaim. (D.E. 24.) Plaintiff opposed this motion on various grounds, one of which was

---

[1] "Although Defendants' April 2002 filing purported to assert 'counterclaims' against Ramada, it is clear, after reviewing the Defendants' pleading and the parties' subsequent filings, that the Defendants actually asserted one counterclaim (for breach of the licensing agreement) at that time." *Ramada Franchise Sys., Inc. v. Royal Vale Hospitality of Cincinnati, Inc.*, No. 02-1941, 2004 WL 1179401, at *1 (N.D. Ill. May 26, 2004) (citing D.E. 22 ¶ 3).

2

that any amendment by Defendants would be futile because the statute of limitations had run on any Consumer Fraud Act claim. With respect to this issue, Defendants asserted that the proposed amendment would not be futile under the "discovery rule." (*See, e.g.*, D.E. 24 at 3 ("[The amendment] is not futile, because the cause of action was just now discovered."); *see also id.* at 1 ("Defendants believe that they are allowed to maintain their fraud claims against Plaintiff based on the 'discovery rule' . . . .").) The Court rejected that argument of Defendants, among others, and on May 26, 2004, the Court denied Defendants motion to amend, holding that (1) the Defendants failed to offer a valid reason for their undue delay in seeking to amend; (2) an amendment at that stage of the litigation would result in undue prejudice to Ramada; and (3) the proposed amendment was futile.[2] *See Ramada Franchise Sys., Inc. v. Royal Vale Hospitality of Cincinnati, Inc.*, No. 02-1941, 2004 WL 1179401, at *2-*3 (N.D. Ill. May 26, 2004).

With respect to the futility holding, the Court based its ruling on the fact that Defendants had argued that their proposed amendment was not futile because of the "discovery rule," a rule that postpones the start of the statute of limitations until an injured party knew or should have known about the injury at issue. In this regard, Defendants argued that the Consumer Fraud Act counterclaim was recently discovered and, thus, their motion to amend was timely. The Court found this argument unavailing given that the Defendants purportedly "discovered" the factual

---

[2] Precedent teaches that the mere fact that delay has occurred is not a basis to deny leave to amend. *See Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992). However, the longer the delay within the context of the case, "'the greater the presumption against granting leave to amend.'" *Id.* (quoting *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 838 F.2d 904, 909 (7th Cir. 1988)). Moreover, as the Court found in the May 26, 2004, order, and as the Court finds again today, Defendants' proposed amendments would cause Plaintiff undue prejudice if allowed, and precedent makes clear that amendments are inappropriate in such circumstances. *See, e.g., Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993).

basis for the counterclaim while Plaintiff was deposing *a corporate representative of the Defendant company and named individual defendant*, Mr. Sheth. According to Defendants, Mr. Sheth purportedly just then remembered certain information about events *in which he personally participated* and comprised the purported basis of the proposed Consumer Fraud Act counterclaim.[3] (D.E. 24 at 2.) Significantly, Defendants did not then argue—and still do not argue—that Plaintiff had any responsibility for the two-year delay in the Defendants' "discovery" of this information or any related potential cause(s) of action. (The Court sees no reason why Defendants' attorney could not have "discovered" the basis for Defendants' proposed fraud counterclaim or affirmative defense during his own discussions with his clients two years ago, and the Defendants have never offered a reason for the delay other than the discovery rule.) Under Defendants' understanding of the discovery rule as set forth in their original motion to amend, statutes of limitation are essentially meaningless: anytime a litigant "newly remembers" facts, even about events in which he or a related party personally participated, the litigant may assert a related cause of action as "newly discovered."

On June 23, 2004, Plaintiff moved for summary judgment (D.E. 29) on counts I-III, V-VII, and IX of Plaintiff's Complaint, as well as on Defendants' breach of contract

---

[3] *See Ramada Franchise Sys., Inc. v. Royal Vale Hospitality of Cincinnati, Inc.*, No. 02-1941, 2004 WL 1179401, at *2 (N.D. Ill. May 26, 2004) ("Defendants seek to amend their counterclaim based on information 'discovered' during the deposition of Defendants' *own* corporate representative and *a named Defendant* in this action . . . . Put differently, it was one of the Defendants who purports to have recently recalled certain alleged facts—facts which were known or should have been known to Defendants at the time of their original counterclaim in 2002 (and well before the close of discovery) because the 'new' factual allegations concern events and alleged conversations in which the Defendant/deponent personally participated in 2000."); *see also id.* at *2 n.3 (noting that Defendants did not allege that Plaintiff played any role in preventing Defendants from having discovered "new" facts concerning the events in which the corporate representative/named defendant personally participated years ago.)

counterclaim(s). On August 2, 2004, Plaintiff filed a Motion to Strike Portions of Defendants' Summary Judgment Submission (D.E. 42), arguing that Defendants improperly advanced arguments in their summary judgment response brief. Specifically, Plaintiff argues that Defendants improperly rely on an argument that the licensing agreement is void because the Plaintiff fraudulently induced Defendants to enter into it.

## ANALYSIS

I.  The Defendants' Motion for Reconsideration of the Order Is Denied

The Defendants have moved the Court to reconsider its prior order regarding a Consumer Fraud Act counterclaim. The Defendants have jettisoned their "discovery rule" argument and have now decided to go with—for the first time—an argument that under the "continuing violation" rule, Defendants' proposed amendment would not be futile. In switching horses to make this argument, Defendants make no attempt whatsoever to address the alternative and independent bases for the Court's ruling—*e.g.*, that Plaintiff would be exposed to undue prejudice if the amendment were allowed. For the following reasons, this motion is denied.

The Court begins its analysis by addressing the threshold issue of whether some procedural vehicle allows Defendants to seek reconsideration of the Court's order denying them leave to amend their counterclaim. An order denying a defendant leave to amend an answer to add a counterclaim is an interlocutory order. *See Agretti v. ANR Freight Sys., Inc.*, 982 F.2d 242, 248 (7th Cir. 1992) ("[An order denying a motion to amend a pleading] is not considered a final judgment within the meaning of section 1291, title 28 of the United States Code."); *see also* Fed. R. Civ. P. 7 (defining pleading as including an answer). As such, the Defendants' motion to reconsider does not technically fall within the purview of Federal Rule of Civil Procedure 59(e).

See Fed. R. Civ. P. 59(e) (providing procedure for altering or amending judgments). Similarly, Defendant's motion does not fall within the purview of Federal Rule of Civil Procedure 60(b). See Fed. R. Civ. P. 60(b) (providing a procedure for seeking relief from a final judgment, order, or proceeding).

Courts within this district, however, have characterized a motion to reconsider an interlocutory order as falling under the inherent authority of a district court, the common law, and/or under Federal Rule of Civil Procedure 54(b). *See, e.g., United States S.E.C. v. Nat'l Presto Indus., Inc.*, No. 02-5027, 2004 WL 1093390, at *1 (N.D. Ill. Apr. 28, 2004) (Norgle, J.) ("District courts possess the inherent authority to modify interlocutory orders.") (collecting cases); *IMI Norgren, Inc. v. D & D Tooling & Mfg.*, No. 00-5789, 2003 WL 40499, at *2 (N.D. Ill. Jan. 6, 2003) (St. Eve, J.) (recognizing a common law motion to reconsider); *Denson v. Northeast Ill. Reg'l Commuter R.R. Corp.*, No. 00-2984, 2002 WL 745797, at *1 (N.D. Ill. Apr. 26, 2002) (Hart, J.) (collecting cases and citing Fed. R. Civ. P. 54(b)); *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995) (Castillo, J.) ("Rule 54(b) is the proper vehicle for a motion to reconsider . . . [an] order [that] is interlocutory in nature."). The Court need not decide whether Defendants are invoking the inherent authority of the Court, the common law, Rule 54(b), or all three—or for that matter which one may apply (courts appear to apply the same standard of review under all three). It is simply enough to note that some procedural ground supports Defendants' motion.

In addressing such a motion, judges in the Northern District of Illinois have applied the standard established by the Seventh Circuit in *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). *See, e.g., Nat'l Presto Indus.*, 2004 WL 1093390, at *2

(applying *Bank of Waunakee* to an inherent-authority motion to reconsider); *Neal v. Honeywell, Inc.*, No. 93-1143, 1996 WL 627616, at *3-6 (N.D. Ill. Oct. 25, 1996) (Plunkett, J.) (applying *Bank of Waunakee* to a common law motion to reconsider), *aff'd*, 191 F.3d 827 (7th Cir. 1999); *Young*, 161 F.R.D. at 62 (citing *Bank of Waunakee* in the context of discussing Rule 54(b) and a motion to reconsider an interlocutory order). With respect to the standard, the Seventh Circuit teaches that a motion to reconsider is appropriate where: (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court. *See, e.g., Bank of Waunakee*, 906 F.2d at 1191.

Defendants' argument does not fall into any of these categories. Rather, Defendants advance a new legal theory and a new argument, contending now that this is a continuing violation case and the discovery rule does not apply. (Defs.' Mot. to Reconsider (D.E. 28) at 1.) But it was the Defendants—not the Court—that suggested that the discovery rule was applicable to the amendment issue posed by Defendants' motion. (*See, e.g.,* Defs.' Mot. for Leave to File an Am. Counter-Claim (D.E. 24) at 1 ("Defendants believe that they are allowed to maintain their fraud claims against Plaintiff based on the 'discovery rule' . . . .").) The Court rejected that argument as being without merit. Parties should not treat motions as test-runs for what are at best ill-advised and at worst patently non-meritorious legal theories or arguments, hoping that the Court will treat a motion to reconsider as the functional equivalent of a "do-over" after the Court denies the initial motion. *See Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282,

288 (N.D. Ill. 1988) (Shadur, J.) ("[T]his Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure."). Precedent does not permit such an approach. *See, e.g., Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986) ("A motion for reconsideration is an improper vehicle to . . . tender new legal theories."); *see also Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996); *Neal*, 1996 WL 627616, at *4 ("We search in vain among the grounds for a . . . motion to [re]consider to find one which permits a party to raise an argument it could have (and should have) raised initially.").

Even if this were not the case, Defendants' motion to reconsider fails to address other independent and dispositive aspects of the Court's holding. The Court, in addition to holding that the proposed amendment would be futile, also held that there would be undue prejudice to the Plaintiff if an amendment were allowed at this stage of the litigation. *See Ramada*, 2004 WL 1179401, at *3 ("Moreover, and independently, Plaintiff would be prejudiced by the undue delay, especially because discovery has closed, if the court were to allow the proposed amendment."). In this regard, the Court noted that discovery had closed and that, given Defendants were advancing new claims, additional discovery by Plaintiff would likely be needed. Defendants argue in their motion to reconsider that Defendants "believe that no additional discovery is necessary because [Plaintiff] has supposedly produced all its documents respecting this Motel and Mr. Sheth, the only able witness, has been deposed." (D.E. 28 at 2.) However, the fact that various witnesses have been deposed does not change the fact that Plaintiff did not know at the time of those depositions that a putative fraud counterclaim or defense were even at issue in the case. Plaintiff explains that during discovery it did not pursue discovery relating to a

then-non-existent fraud counterclaim or defense (D.E. 33 at 5)—an explanation consistent with commonsense and the common practice of attorneys litigating cases for clients who only seek to pay for the resolution of issues the parties have properly put at issue. In this regard, Plaintiff argues that it would need to depose at least two specific previously-deposed witnesses as well as "seek additional written discovery" and take discovery from third parties related to the new counterclaim. (*Id.*) Plaintiff does not make a generic boilerplate allegation of prejudice, but rather identifies particular additional discovery that would be required, including the redeposition of witnesses previously deposed. Tellingly, Defendants do not even address this contention in their reply brief. The Court adheres to its ruling that there would be undue prejudice if the motion to reconsider were granted.

In addition, Defendants never even attempt to address prior aspects of the Court's ruling finding that the Defendants had unreasonably delayed in seeking the amendment. *See Ramada*, 2004 WL 1179401, at *2 (citing, *inter alia*, *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993) (affirming district court's denial of an amendment to a counterclaim where, among other things, the facts underlying the amendment "must have been known to the defendants.")). This basis for the Court's initial ruling also remains valid. Accordingly, the motion to reconsider is denied.

II. Defendants' Motions for Leave to File an Amended Counterclaim for Common Law Fraud and for Leave to File an Affirmative Defense of Fraud Is Denied

Plaintiff has not consented to Defendants' proposed amendments. The issue, then (as it was in Defendant's previous motion to amend), is whether the Court should grant defendants leave to do so. Federal Rule of Civil Procedure 15(a) states that "leave [to amend a pleading]

shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004). Seventh Circuit precedent instructs, however, that "leave is inappropriate where there is undue delay, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman v. Davis*, 371 U.S. 178, 183 (1962)).

A. Defendants' Motion for Leave to File an Amended Counterclaim for Common Law Fraud Is Denied

For the reasons set forth in this Court's prior opinion regarding undue delay and undue prejudice to Plaintiff, Defendant's motion for leave to file an Amended Counterclaim for common law fraud is denied. *See Ramada*, 2004 WL 1179401, at *3. There is no meaningful distinction between this motion and Defendants' prior motion regarding an amended counterclaim under the Consumer Fraud Act. Defendants' sole argument on this point is that leave is warranted because the counterclaim is not futile. (D.E. 28 at 3.) The Court, however, need not resolve that issue to hold that leave is not warranted. Defendants were aware (or should have been aware of) the facts underlying the claim, and there is no allegation or reason to suspect that Plaintiff had anything to do with the Defendants not earlier "remembering" the facts involved. Plaintiff would be subjected to undue prejudice if it needed to reopen discovery to address these issues at this late juncture—as Plaintiff reasonably contends it would need to do. Subjecting Plaintiff to this type of prejudice, delay, and expense is particularly unwarranted because the Defendants' proffered reason for failing to amend earlier is, as explained before, quite weak.

B. Defendants' Motion for Leave to File an Affirmative Defense of Fraud is Denied

Federal Rule of Civil Procedure 8(c) requires a defendant to plead the affirmative defense of fraud in its answer to the complaint. *See* Fed. R. Civ. P 8(c); *Ill. Conference of Teamsters and Employers Welfare Fund v. Steve Gilbert Trucking*, 71 F.3d 1361, 1365 (7th Cir. 1995). Failure to plead an affirmative defense as required by Rule 8(c) results in waiver of that defense. *See, e.g., Ill. Conference of Teamsters*, 71 F.3d at 1365 (citing *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 235 (7th Cir. 1991)). A district court, however, "has the discretion to allow an answer to be amended to assert an affirmative defense not raised initially." *Jackson v. Rockford Housing Auth.*, 213 F.3d 389, 392 (7th Cir. 2000) (citing Fed. R. Civ. P. 15(a)). The Seventh Circuit instructs that as a general rule, a district court should permit defendant to amend its answer to assert an additional affirmative defense if the plaintiff had "adequate notice [of the affirmative defense], and had an adequate opportunity to respond to it despite the defendant's tardy assertion." *Id.* at 392-393. A district court should not grant leave to amend an answer if it will cause the plaintiff "undue surprise or prejudice." *Id.*

Defendants did not raise the fraud defense in the answer they filed on April 18, 2002. The Court holds that Defendants have waived the affirmative defense of fraud by failing to raise it until this point in the litigation. Relatedly, even if Defendants did not waive the fraud defense, the Court, in its discretion, denies leave for such an amendment in that Defendants have unduly delayed in seeking to assert such a defense and that the amendment would unduly prejudice Plaintiff. This case has proceeded in this Court for over two years. Discovery has closed, and Plaintiff has filed a motion for summary judgment motion. Defendants' arguments about the "discovery rule" that Defendants raised in their initial motion to amend further make clear that

11

the information underlying the purported fraud defense involved events in which Defendants or their representatives personally participated and that this was not information otherwise unavailable that only came from Plaintiff during discovery. And there is no reason (at least Defendants have not offered a reason and none suggests itself) why Defendants' counsel could not have "discovered" this information by simply discussing this case with his clients two years ago. Moreover, there is no indication that Plaintiff had notice of a potential fraud defense until very recently.

Simply put, this is a case where Plaintiff would be unfairly subjected to undue prejudice and surprise if this defense were sprung into the case at the eleventh hour. It is not enough, as Defendants blithely suggest, to say that allowing the interjection of the new defense "does not oblige Plaintiff Ramada to take any discovery or even do anything; it simply becomes a theory for Defendants to prove at trial." (D.E. 28 at 4.) Plaintiff and Defendants have proceeded through fulsome discovery (albeit often delayed at the request of Defendants), and Plaintiff should not be deprived of the fair results of those labors by having to blindly attempt to rebut an eleventh hour "fraud" defense or bear the costs and delay of additional discovery when this issue could and should have been raised long before the close of discovery. As Plaintiff explains, the proposed affirmative fraud defense (and common law fraud claim too) involve new theories and issues that are substantially different than those relating to the claims originally (and seasonably) brought in the case. Discovery would need to be reopened, specific and material additional discovery would need to take place and, in some instances, be redone, and Plaintiff reasonably contends that a new and additional round of dispositive motions would likely be filed. Balancing all of the considerations, the prejudice to Plaintiff and delay to Plaintiff and the public as a whole

in resolving the case outweighs Defendants' interest in adding this defense—at least where Defendants offer no reasonable basis for delaying as long as they did in seeking to introduce the matter into the case. Accordingly, Defendants' motion to add the affirmative defense is denied.

III.     Defendants' Supplemental Authority Is Unavailing

Defendants have filed supplemental authority related to their motion. In this regard, Defendants have directed the Court's attention to *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787 (7th Cir. 2004), arguing that this case "lends new support to Defendants' points of persuasion." (Defs.' Mot. for Leave to Cite New Auth. (D.E. 47).) As discussed above, discovery is closed in this case, and Defendants have waited over two years from Plaintiff's filing of a complaint to try and assert fraud counterclaims and an affirmative defense. The Seventh Circuit emphasized that *Dubicz* "is not [a] case where a plaintiff seeks to amend its complaint after the close of discovery . . . ." *Id.* at 793 n.1. In making this point, the Seventh Circuit cited *Sports Center, Inc., v. Brunswick Marine*, 63 F.3d 649, 652 (7th Cir. 1995), and *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993).

In *Continental Bank*—which this Court cited in the May 26, 2004 Order, *Ramada*, 2004 WL 1179401, at *2—the Seventh Circuit affirmed the district court's denial of leave to amend to add a fraud-related counterclaim and affirmative defense. *Cont'l Bank*, 10 F.3d at 1298. The court noted that defendants had waited two years after plaintiff filed its initial complaint to propose the amendment, the facts "must have been known to [the] defendants," and "[i]f the amendment were allowed, the [plaintiff] would have been put to additional discovery." *Id.* In *Sports Center*, the Seventh Circuit affirmed the denial of an amendment to a pleading where, among other things, "discovery would have to be reopened" and the party seeking to amend

13

admitted "that the motion was based on facts long known to it." *Sports Ctr.*, 63 F.3d at 652.

Notwithstanding the above, Defendants argue that *Dubicz* supports its arguments because "its fraud counterclaims are made within the statute of limitations and Plaintiff's arguments of prejudice seem conclusory." (D.E. 47.) Defendants attempted invocation of *Dubicz* is unavailing on the facts of the case at bar. *Dubicz* held "that under the unique circumstances of this case, it was an abuse of discretion to deny the appellants leave to file a second amended complaint." *Dubicz*, 377 F.3d at 789. Specifically, the court held that "an allegation of prejudice premised *entirely* on [conclusory allegations of] memory and document loss, where the motion for leave to file was made within the statute of limitations," was an insufficient basis to warrant denial of leave to amend a pleading. *Id.* at 793 (emphasis in original). It was at this point in the opinion that the Seventh Circuit specifically noted the limits of its holding, *see* 377 F.3d at 793 & n. 1, and cited *Sports Center* and *Continental Bank*—both of which affirmed decisions by a district court to deny amendments to a pleading in circumstances far more analogous to the instant case. *See, e.g., Sports Ctr.*, 63 F.3d at 652; *Cont'l Bank*, 10 F.3d at 1298.

Moreover, even assuming, *arguendo*, that the proposed counterclaims are timely, the Seventh Circuit explained in *Dubicz* that it was not holding that "any time a [litigant] files a motion for leave to [amend] within the statute of limitations that such a motion must be granted." *Id.* at 793 n.2. The court noted that "[t]here are numerous ways in which a non-moving party may be prejudiced that do not involve allegations of memory and document loss and in no way implicate the statute of limitations." *Id.* *Dubicz*'s citation of Seventh Circuit precedent in *Sports Center* and *Continental Bank* makes clear that the teaching in those cases remains good law. Where, as here, Plaintiff would be subject to substantial and reasonably identified additional

14

discovery burdens, where the case would thereby be delayed because discovery has closed and summary judgment motions have been filed, and where Defendants offer no good reason for the delay in proposing the amendments to the pleadings, leave to amend may fairly be denied irrespective of whether the amendment is also futile as a matter of law because of a statute of limitations bar. *See Dubicz*, 377 F.3d 793 & n.2; *Sports Ctr.*, 63 F.3d at 652; *Cont'l Bank*, 10 F.3d at 1298; *see also Feldman v. Am. Mem'l Life Ins. Co.* 196 F.3d 783, 793 (7th Cir. 1999) (affirming denial of leave to amend plaintiff's complaint where discovery was closed and parties were on eve of summary judgment proceedings).

IV. Plaintiff's Motion to Strike Is Granted

In light of this Court's holding regarding Defendants' proposed amendments, Plaintiff's motion to strike is granted. The Court notes that when Plaintiff indicated that it would file summary judgment papers, Defendants were instructed to respond to those papers on the assumption that the prior ruling would stand and, if the motion to reconsider were granted, additional filings could be made. Defendants ignored that directive, as Plaintiff points out.

Accordingly, Defendants' summary judgment filings are stricken without prejudice. Defendants should file appropriate summary judgment papers (*i.e.*, ones that conform with the prior and extant rulings in the case) within 21 days of entry of this memorandum opinion and order. In doing so, Defendants should please comply with Local Rule 56.1. *See Malec v. Sanford*, 191 F.R.D. 581 (N.D. Ill. 2000). Failure to comply with Local Rule 56.1 can, as precedent instructs, lead to factual assertions being deemed admitted and arguments otherwise deemed waived. Plaintiff is given 21 days (given the winter holidays) after the Defendants' due date to file a reply to Defendants' response and a response to Defendants' statement of additional

facts, if any.

## CONCLUSION

For the foregoing reasons, Defendants' motions (DE. 28-1, 28-2, 28-3) are denied and Plaintiff's motion (D.E. 42) to strike is granted.

So ordered.

*[signature]*
Mark Filip
United States District Judge
Northern District of Illinois

Dated: *November 23, 2004*